UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAUREN WATSON, and AVERY
BRADLEY, as Conservator, on behalf
of L.W., a minor,

                Plaintiffs,

v.

ALLIANZ LIFE INSURANCE
COMPANY OF NORTH AMERICA,

                Defendant.
_____/

Case No. 18-cv-13859

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

## **OPINION AND ORDER GRANTING DEFENDANT ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (ECF #5)**

### I.    BACKGROUND

This matter involves life insurance benefits allegedly improperly paid to a deceased insured's girlfriend, as opposed to Plaintiffs Lauren Watson and L.W., the insured's only two daughters. Before the Court is Defendant Allianz Life Insurance Company of North America's ("Allianz") Motion to Dismiss Plaintiffs L.W. (a minor, whose claim is brought by Avery Bradley as conservator) and Lauren Watson's Amended Complaint, (ECF #4), pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF #5.) On December 12, 2018, Plaintiffs initiated this action by filing a one-count Complaint under 29 U.S.C. §1132(a)(1)(B) seeking payment

1

of life insurance benefits under a plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), or declaratory relief as to Plaintiffs' rights to benefits under the plan. (ECF #1.) On January 28, 2019, Plaintiffs filed an Amended Complaint to substitute estate conservators. (ECF #4.) On February 27, 2019, Allianz filed its Motion to Dismiss the Amended Complaint in lieu of an answer. (ECF #5.) Plaintiffs responded on April 19, 2019 (ECF #12), and Allianz filed its Reply on May 9, 2019 (ECF # 18.) The Court held a hearing on the matter on May 28, 2019.

## II. FACTS

The facts as alleged in the Amended Complaint are taken as true for purposes of the instant Motion. *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). Richard B. Watson, who passed away on August 30, 2015, owned various insurance policies offered by his employer, Defendant Allianz, through an employee welfare benefit plan governed by ERISA ("Plan"). (Am. Compl., ECF #4, ¶6, PgID 29, ECF #4-1, PgID 33; Dec. of Melissa Nord, [undated], ECF #7, PgID 148.)[1]

---

[1] The Declaration of Melissa Nord in Support of Defendant's Motion to Dismiss Plaintiffs' Amended Complaint, attaches a copy of the Plan documents (which also serves as the Summary Plan Description) in effect as of January 1, 2015 and at the time of Watson's death. (Nord. Dec., ECF #7, PgID 83-154.) The Court may properly consider the Plan document attached to the Nord Declaration without converting the motion to dismiss into one for summary judgment. *See Borman v. Great Atl. & Pac. Tea Co., Inc.*, 64 F. App'x 524, 528 n. 3 (6th Cir. 2003) (quoting *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they

Allianz was the Plan Sponsor and Administrator, but the Plan benefits were provided under a group insurance policy issued to Allianz by the Hartford Life and Accident Insurance Company ("Hartford"). (Nord Dec., ECF #7, PgID 148.) The group insurance policy was incorporated into, and formed a part, of the Plan. (*Id.*) The Plan designated Hartford "as the claims fiduciary for benefits provided under the Policy." (*Id.*) Importantly, the Plan "granted [Hartford] full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." (*Id.*)

Watson was insured by a Basic Life Insurance Policy ("Life Insurance Policy"). (Am. Compl., ECF #4, ¶¶6-7, PgID 33.) Watson also had Basic Accidental Death and Dismemberment ("AD&D") and Optional Life Insurance. (*Id.* at ECF #4-1, PgID 35.) According to a "Summary of Benefits" attached to the Amended Complaint, the death benefit from the Life Insurance Policy was $718,000. (*Id.* at PgID 36-37.)[2] Plaintiffs, Watson's only two children, allege that they were the

---

are referred to in the plaintiff's complaint and are central to her claim."). This is as opposed to the Declaration of Joseph Xuereb, improperly attached to Plaintiffs' Response (ECF #12, Ex. A, PgID 186-87), which the Court will not consider.

[2] The Basic Life Insurance Policy contained a "Basic" AD&D benefit, and it appears that Watson also purchased an optional "Supplemental" AD&D Policy offered by the Plan. (*See* Nord. Dec., ECF #7, PgID 125.) Plaintiffs allege that the "Basic Life Insurance Policy" and the "Basic AD&D Policy" are "the policies at issue" (Am. Compl., ¶7, PgID 33), yet there is not a separate "Basic AD&D Policy." The exhibits indicate that it was only the Basic Life Insurance Policy that paid a benefit, and/or a benefit in the disputed $718,000 amount. It is unclear what benefit was paid, if any,

3

rightful recipients of the Life Insurance and AD&D Policies' death benefit, as opposed to Laura E. Cooper, who, according to multiple exhibits to the Amended Complaint, was the primary beneficiary of those Policies at the time of Watson's death. (Am. Compl., ECF #4, ¶¶7, 10, PgID 29, ECF #4-1, PgID 36.)

According to a March 18, 2015 Allianz Beneficiary Confirmation Notice sent to Watson, his beneficiary elections were as follows: 1) "Basic Life Insurance": Laura E. Cooper as primary beneficiary, and Plaintiffs as 50/50 contingent beneficiaries; 2) "Optional Life Insurance": Plaintiffs as 50/50 primary beneficiaries; and 3) "Basic AD&D": Laura E. Cooper as primary beneficiary, and Plaintiffs as 50/50 contingent beneficiaries. (Am. Compl., ECF #4-1, PgID 34-35.)

The Amended Complaint states that Cooper was Watson's "purported girlfriend" at the time of his death. (Am. Compl., ECF #4, ¶10, PgID 29.) The Summary of Benefits provided by Plaintiffs lists Cooper as Watson's domestic partner. (Am. Compl., ECF #4-1, PgID 37.) The Summary of Benefits also lists Plaintiffs as the contingent beneficiaries and Cooper as the primary beneficiary of the Life Insurance Policy as of Watson's death, making Cooper the payee of the $718,000 insured amount. (*Id.*) With regard to their beneficiary status, Plaintiffs allege only that the "policies…provided that upon [Watson's] death, life insurance

---

by the Supplemental AD&D Policy, yet it is inapposite at this point due to the issues requiring resolution before this case can proceed any further.

benefits in the approximate amount of…$718,000…would be distributed 100% to the co-beneficiaries, the Plaintiffs, who are [Watson's] sole heirs and children….". (Am. Compl., ECF #4, ¶¶7, 10, PgID 29.)

Plaintiffs claim that they "made an application for benefits under both policies and were denied" because the benefit had already been disbursed to Cooper on or around November 5, 2015, approximately two months after Watson's death. (*Id.* at ¶¶9-10, PgID 30.) Plaintiffs do not allege how they applied or what entity denied their application. After their application was denied, Plaintiffs and the Estate Administrator claim that they "repeatedly requested that [Allianz] produce [Watson's] *signature* evidencing the alleged change in beneficiary designation from [Plaintiffs] to [Cooper] which allegedly occurred just a few months before his untimely death." (*Id.* at ¶11.) (Emphasis added.) Plaintiffs aver that at first, Allianz was "uncooperative" but "eventually acknowledged that it does not have any *signature*…purporting to change [Watson's] beneficiary designation." (*Id.* at ¶13.) (Emphasis added.) Notably, the March 18, 2015 Beneficiary Confirmation Notice directs plan participants to designate and/or change beneficiaries via a website or by calling a customer service center, rather than by filling out a hard copy form:

> This notice confirms your beneficiary designation(s) on file and is for your records only. **Do not mark, revise, or return this form.**
>
> If you need to make corrections or make a new a beneficiary designation, please access *Your Benefits Resources*™ website at

> www.ybr.com/allianz and make the appropriate change or call the Customer Service Center….

(Am. Compl., ECF #4-1, PgID 34.) (Emphasis in original.)

However, the Plan requires the following procedure for changing a beneficiary designation:

> Beneficiary Designation: *How do I designate or change my beneficiary?*
>
> You may designate or change a beneficiary by doing so in writing on a form satisfactory to Us and filing the form with the Employer. Only satisfactory forms sent to the Employer prior to your death will be accepted.

(Nord Dec., ECF #7, PgID 108.) (Emphasis in original.)[3]

Plaintiffs state that due to "difficulties" with Allianz and "the lack of documentation to substantiate the alleged change in beneficiary designation," Plaintiffs deemed it "wholly futile" to exhaust their administrative remedies mandated by the Plan in the event of an initial benefit denial and filed suit in lieu of appealing through the Plan. (Am. Compl., ECF #4, ¶15, PgID 30.)

The Statement of ERISA Rights included in the Plan sets forth "Claim Procedures for Claims Not Requiring a Determination of Disability," including the administrative steps to appeal the denial of Plaintiffs' claim, stating in part:

> Any adverse benefit determination will be in writing and include: 1) specific reasons for the decision, 2) specific references to the Policy provisions on which the decision is based, 3) a description of any

additional material or information necessary for you to perfect the claim and an explanation of why such material or information is necessary, 4) *a description of the review procedures and time limits applicable to such procedures*, 5) a statement that you have the right to bring a civil action under section 502(a) of ERISA *after you appeal our decision and after you receive a written denial on appeal*….

On any wholly or partially denied claim, you or your representative must appeal once to the Insurance Company for a full and fair review. You must complete this claim appeal process before you file an action in court…[A]ny final adverse benefit determination will be in writing and include…a statement of your right to bring a civil action under section 502(a) of ERISA.

(Nord. Dec., ECF #7, PgID 152-53.) (Emphasis added.)

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012).

To state a claim, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint 'does not need detailed factual allegations' but should identify 'more than labels and conclusions.'" *Casias v. Wal–Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The

7

court "need not accept as true a legal conclusion couched as a factual allegation, or an unwarranted factual inference." *Handy-Clay*, 695 F.3d at 539 (internal citations and quotation marks omitted).

In other words, a plaintiff must provide more than "formulaic recitation of the elements of a cause of action" and his or her "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The Sixth Circuit has reiterated that "[t]o survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability. The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## IV. ANALYSIS

### A. Hartford is the Proper Party Defendant

Allianz argues that although it is named as the "Plan Administrator," it is not the proper defendant in this matter because it had delegated Hartford as the claims administrator, and therefore Hartford is the proper defendant because it had discretion over benefits determinations.

Under ERISA, a plan "fiduciary" is one who "exercises any discretionary authority or discretionary control respecting the management of [an ERISA] plan or exercises any authority or control respecting the management or disposition of its

assets" or who "has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. §1002(21)(A). A fiduciary role arises only with respect to those aspects of a plan over which authority or control is exercised. *Moore v. Lafayette Life Ins.,* 458 F.3d 416, 438 (6th Cir. 2006) (citing *Grindstaff v. Green*, 133 F.3d 416, 426 (6th Cir. 1998)). When an insurance company administers claims for employee welfare benefit plans and has authority to grant or deny claims, the insurance company is a "fiduciary" for ERISA purposes. *Id.* (citing *Libbey–Owens–Ford Co. v. Blue Cross & Blue Shield Mut. of Ohio*, 982 F.2d 1031, 1035 (6th Cir. 1993)). An employer who does not control or influence the decision to deny benefits is not the fiduciary with respect to denial of benefit claims. *Id.* (citing *Chiera v. John Hancock Mut. Life Ins. Co.*, 3 F. App'x 384, 389 (6th Cir. 2001) ("Defendant [insurance company] is a fiduciary for purposes of ERISA inasmuch as it had a role in administering the plan because it had authority to accept or reject claims for losses under the group insurance policy as evidenced by the rejection letter that it sent to Plaintiff in response to her attorney's letter.")).

Allianz relies on *Moore* in support of its position that it should not be named in this suit. (Def.'s Mot., ECF #5, PgID 52.) In *Moore*, the plaintiff named his employer, MTA, as a defendant to an action for benefits because MTA was the plan administrator. *Moore* at 438. MTA argued that it should be dismissed because it had not participated in the decision to deny Plaintiff's benefits. Rather, Lafayette Life

9

Insurance ("Lafayette"), as the claims administrator, had full discretion and authority to determine eligibility for benefits. *Id.* The court found that Lafayette, as the designated plan fiduciary with respect to its ability to deny or grant claims for benefits, was the proper defendant, stating:

> …MTA is the plan administrator, Lafayette is the claims administrator and exercised full authority in adjudicating Plaintiff's claim for benefits. It was Lafayette who made a decision with respect to Plaintiff's benefits, not MTA. Lafayette, and not MTA, is therefore the proper party defendant for a denial of benefits claim by Plaintiff.

*Id.*

Here, the Plan designates Allianz as the Plan Administrator but explicitly grants full discretion to Hartford as "claims fiduciary for benefits" to "determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." (Nord Dec., ECF #7, PgID 148.) Plaintiffs do not cite any sources in support of their argument that Allianz as the Plan Administrator is properly named as the defendant in a claim for benefits. They conclusorily state that "this is not a mere claim for benefits," which is undermined by the Amended Complaint as it pursues solely a claim for the insurance proceeds allegedly paid to Cooper, under 29 U.S.C. §1132(a)(1)(b) ("A civil action may be brought…by a participant or a beneficiary…to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under

the terms of the plan.").[4] *See also Van Loo v. Cajun Operating Co.*, 64 F. Supp. 3d. 1007, 1015-16 (E.D. Mich. 2014) (granting employer's motion to dismiss claim for recovery under Section 1132(a)(1)(B) where it did not have authority to determine benefits).

Therefore, the Court grants Allianz's Motion to Dismiss without prejudice as Hartford is the proper defendant to this action. However, as discussed below, Plaintiffs may not re-file suit unless they have exhausted their administrative remedies under the Plan.

**B. Plaintiffs Failed to Exhaust the Plan's Administrative Remedies**

Plaintiffs admit that they did not appeal the denial of benefits as required by the Plan and ERISA prior to filing suit. (Am. Compl., ECF #4, ¶¶10-15, PgID 29-30; Pls.' Resp., ECF #12, PgID 179.) They argue that pursuing their administrative remedies under the Plan would have been futile because of purported "difficulties" obtaining records from Allianz.[5] Allianz takes the position that this lawsuit must be

---

[4] In the Amended Complaint, Plaintiffs state that they are not pursuing a claim for breach of fiduciary duty against Allianz at this time. (Am. Compl., ECF #4, ¶11 ("Plaintiffs reserve the right to amend this First Amended Complaint to add the Plan Administrator for various causes of action under 29 U.S.C. 1132, including but not limited to, a breach of fiduciary duties, should additional information become known.").)

[5] Plaintiffs also argue that exhaustion requirements do not apply to their fiduciary duty claims (Pls.' Resp., ECF #12, PgID 180), but they have not brought such claims, as discussed above.

dismissed because Plaintiffs have not adequately alleged that following the appeal procedure would have been futile, and Plaintiffs were required to do so before bringing an action under Section 502(a)(1)(B) of ERISA.

"Every employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). Although ERISA does not *explicitly* require exhaustion of the plan appeals process, the Sixth Circuit has determined that "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Costantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (quoting *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991)). Although the administrative exhaustion requirement for claims brought under Section 502 is applied as a matter of judicial discretion, a court must excuse nonexhaustion where resorting to the plan's administrative procedure would be futile. *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998). The Sixth Circuit has held that when a plaintiff's suit is directed to the legality of a plan, versus plan interpretation, exhaustion of the plan's administrative remedies would be futile and is not required. *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 562 (6th Cir. 2017) (citing *Durand v. Hanover Ins. Group, Inc.*, 560 F.3d 436 (6th Cir. 2009)).

Plaintiffs point to *Fallick v. Nationwide Mut. Ins. Co.*, *supra*, in support of their position that exhaustion of remedies under the Plan would be futile. In that case, however, there was a "well established" factual record after two years of discussions between the parties and the state insurance department clearly evincing that the defendant insurance company would not reconsider the at-issue method for calculating reimbursement amounts, which the court determined was not a matter of plan interpretation. *Id.* at 419-21. Thus, pursuing the plan appeal process would have been futile.

In the instant matter, Plaintiffs' claim for benefits is one involving plan interpretation and does not challenge the legality of the Plan on a statutory basis or otherwise. The gravamen of Plaintiffs' claim is that Watson intended for them to receive the death benefit under the terms of the Plan. The types of policies and benefits offered, and manner of election and definition of beneficiaries are set forth in the Plan. Further, Plaintiffs have not sufficiently alleged any facts indicating that exhaustion would be futile, as they admittedly never contacted Hartford, the benefit decision-maker, nor did Plaintiffs attempt to engage in the appeal process whatsoever.[6] They issued requests to Allianz in search of one particular document

---

[6] The process for denied claims is laid out in three locations in the Plan: 1) under the Life Insurance Policy; 2) under the AD&D Policy; and 3) under the Statement of ERISA Rights. (Nord Dec., ECF #7, PgID 108-09, 138, 152-53.) To the extent there are differences between the three (for example, the use of the phrase "may appeal" versus "must appeal") is inapposite. "The fact that permissive language was used in

13

(a physically signed change of beneficiary form), and when such document was not produced, they filed suit. Therefore, the Court finds that administrative exhaustion is required and dismisses Plaintiffs' claim without prejudice.[7]

Plaintiffs' argument that it is improper to consider an affirmative defense at this point does not save their claim from dismissal. According to the Sixth Circuit in *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010):

> [A] motion for dismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to make a valid claim *or if the claim shows on its face that relief is barred by an affirmative defense*. In a situation involving an affirmative defense, "the claim is stated adequately ..., but in addition to the claim the contents of the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim. In [such a] situation[ ] the complaint is said to have a built-in defense and is essentially self-defeating." 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004).

601 F.3d at 512 (emphasis added).

---

framing the administrative review provision makes no difference." *Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 454 (6th Cir. 1991) (citing *Mason v. Continental Group, Inc.*, 763 F.2d 1219, 1226 (11th Cir. 1985), *cert. denied*, 474 U.S. 1087 (1986)).

[7] "[T]he presiding judge, in his or her sound discretion, may instead elect to *dismiss the ERISA causes of action without prejudice* because of the complainant's failure to discharge procedural requisites, thereby allowing plaintiff an opportunity to correct those procedural defects by invoking the available intra-company claim dispute resolution mechanism, which in turn will empower the…administrative claim and review apparatus to potentially settle the conflict without recourse to the judicial system." *Borman v. Great Atl. & Pac. Tea Co.*, 64 F. App'x 524, 528 (6th Cir. 2003) (footnote omitted) (emphasis in original).

Here, Plaintiffs have done just so. They plead in the Amended Complaint that they did not pursue the claim denial procedures of the Plan, alleging that appeal would have been futile. Thus, Allianz has properly raised the affirmative defense of failure to exhaust administrative remedies in its Motion to Dismiss under Rule 12(b)(6).

## V.   CONCLUSION

Based on the reasons stated above, the Court GRANTS Defendant Allianz Insurance Company of North America's Motion to Dismiss the Amended Complaint (ECF #15) WITHOUT PREJUDICE. This matter is deemed closed.

IT IS SO ORDERED.

Dated:  May 30, 2019
s/Paul D. Borman
Paul D. Borman
United States District Judge